**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM GARDNER,<br><br>           Plaintiff,<br><br>v.<br><br>STATE OF NEW MEXICO, HON. JANE LEVY; DAVID GIDDENS; CHRIS GATTON; JEROME JOHNSON; DAVID MARTIN, ET AL.,<br><br>           Defendants. | Case No.: 25cv1594-BEN (KSC)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE** |

## I.   INTRODUCTION

This case arises from an ongoing New Mexico divorce court proceeding in which Plaintiff is a party.[1]  Defendants are the State of New Mexico and official capacity

---

[1] Gardner v. Gardner, New Mexico State Judiciary Courts, Case No. D-202-DM-202303332.

employees/court-appointees of the state's divorce court. See Doc. No. 1. Plaintiff alleges New Mexico court officials violated his constitutional rights during the divorce proceedings and seeks redress under 42 U.S.C. § 1983 (Counts I through V). See e.g., Complaint, ¶5 ("The Plaintiff is claiming that he was harmed in their Government official-capacity Defendant-[Judge] Levy by her *ex parte* and *sua sponte* rulings to violate the Plaintiff's due process rights."). He also alleges claims for tortuous interference with business relations (Count VI), and breach of fiduciary duty (Count VII).

The present action is similar to another case Plaintiff brought against the same defendants on the same grounds in the United States District Court for the District of New Mexico[2]. That case was recently dismissed based on Younger abstention and the Rooker-Feldman doctrine and the Anti-Injunction Act. See Memorandum Opinion and Order of Dismissal, Dkt. 21 (June 18, 2025). It appears that the present case was filed five days after the dismissal Order was entered by the District of New Mexico.

Defendant Jane Levy is the state-court judge presiding over Plaintiff's divorce case. Id. at ¶7. Defendants David Giddens and Jerome Johnson are the court-appointed receiver and accountant, respectively. Id. at ¶9-11. Defendant David Martin is a "process server and owner of Martin Investigations." Id. at 8. Plaintiff seeks declaratory judgments and injunctive relief, including "quash[ing] all orders" of the state-court, a stay of litigation of the state court proceedings, the release of funds to Plaintiff and the termination of the receivership, as well as compensatory and punitive damages. Id.[3]

## II. LEGAL STANDARD

Younger abstention is grounded in a "longstanding public policy against federal court interference with state court proceedings." Younger v. Harris, 401 U.S. 37, 43 (1971). Under Younger, federal courts "[preserve] respect for state functions" such that the national government protects federal rights and interests in a way that will not "unduly interfere with the legitimate activities of the State[]." Id. at 44. Pursuant to

---

[2] Case No. 1:25cv485-KWR-GBW.
[3] Plaintiff's claims for money damages are frivolous or fanciful and implausible.

Younger, a federal court may, and usually should, abstain from hearing a case in which a state civil action is proceeding and where the federal action implicates a state's interest in enforcing the orders and judgements of its courts. Herrera v. City of Palmdale, 918 F.3d 1037, 1043 (9th Cir. 2019) (citing ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014)). Courts may raise Younger abstention *sua sponte*. Hoye v. City of Oakland, 653 F.3d 835, 843 n.5 (9th Cir. 2011) (citation omitted).

A "five-prong test" is used to determine "whether a civil case is *Younger*-eligible." Seattle Pac. Univ. v. Ferguson, 104 F.4th 50, 63 (9th Cir. 2024). Younger abstention is appropriate when the state proceedings: (1) are ongoing; (2) are quasi-criminal enforcement actions *or* involve a state's interest in enforcing the orders and judgments of its courts; (3) implicate an important state interest; (4) allow litigants to raise federal constitutional challenges; and (5) when the federal action would have the practical effect of enjoining the state proceedings. Yelp Inc. v. Paxton, 137 F.4th 944, 951 (9th Cir. 2025) (quoting ReadyLink Healthcare, 754 F.3d at 759).[4]

### III. DISCUSSION

The Complaint asserts civil rights claims pursuant to 42 U.S.C. § 1983 and claims pursuant to state law against the State of New Mexico and the individual Defendants acting in their official capacities in the divorce proceeding in New Mexico's state court. Plaintiff seeks injunctive relief from state court orders and declarations that the state court orders are "beyond [] judicial scope" as well as declarations that Defendants' actions are unconstitutional and violate Plaintiff's rights. *See* Doc No. 1.

Plaintiff's claims fall squarely within the bounds of the Younger abstention doctrine. They are subject to the doctrine for the following reasons: (1) the divorce case

---

[4] There are exceptions for a "showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief," and the exceptions are narrow. Yelp Inc., 137 F.4th at 951 (quoting Younger, 401 U.S. at 54).

is ongoing in state court[5]; (2) the Plaintiff is seeking injunctive relief from a federal court that would interfere with the enforcement of a state court order; (3) divorce and family law proceedings are considered important state interests; and (4) the state trial and appellate courts provide an adequate forum to hear constitutional claims.

As to the fifth prong, the fifth prong is met when the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceedings. Yelp Inc., 137 F.4th at 951. This federal action would have a practical effect of enjoining the New Mexico state proceeding because if injunctive relief was obtained, it would undermine the ongoing divorce case. Indeed, that is precisely the effect the Plaintiff intends to achieve. Thus, the fifth prong is also easily met. Lastly, none of the Younger exceptions apply here.

Therefore, this Court abstains from exercising jurisdiction over this case. Moore v. Sims, 442 U.S. 415, 435 (1979) (district court should have abstained and dismissed where state court family relations case was proceeding); Gilbertson v. Albright, 381 F.3d 965, 979 (9th Cir. 2004) (*en banc*) (Younger principles counsel federal court abstention).

## IV.  CONCLUSION

The Complaint is hereby **DISMISSED** without prejudice. All pending motions are denied.

**IT IS SO ORDERED.**

DATED:   August 11, 2025

HON. ROGER T. BENITEZ
United States District Judge

---

[5] "[T]he date for determining whether Younger applies is the date the federal action is filed." Matrai v. Hiramoto, No. 21-15084, 2021 WL 5276021, at *2 (9th Cir. 2021) (quoting ReadyLink, 754 F.3d at 759 (quoting Gilbertson v. Albright, 381 F.3d 965, 969 n.4 (9th Cir. 2004) (*en banc*)) (cleaned up).